# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DEMARCUS COLEY**                                                         **PLAINTIFF**
**ADC #175675**

v.                  No: 2:23-cv-00222-BSM-PSH

**CARLA D. NEAL**                                                     **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Demarcus Coley filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 2, 2023, while incarcerated at the Arkansas Division of Correction's Delta Regional Unit (Doc. No. 2). He alleges that defendant Carla D. Neal used excessive force when she tased him on October 10, 2023. Doc. No. 2 at

3. Coley has been granted permission to proceed *in forma pauperis* (Doc. No. 7). As explained below, Coley's complaint should be dismissed on screening[1] because it is clear from the face of his complaint that he failed to exhaust his administrative remedies before filing this action.

## II. Discussion

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). An inmate need only exhaust *available* administrative remedies. *Booth v. Churner,* 532 U.S. 731 (2001). The Supreme Court in *Booth v. Churner* held that "exhaustion is

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." 532 U.S. 731, 738–39 (2001).

While failure to exhaust is an affirmative defense that "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 complaint when it is apparent from the face of the complaint that the proposed claim has not been exhausted.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (explaining that an affirmative defense can be a ground for a dismissal for failure to state a claim when the allegations in the complaint sufficiently establish that ground); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005) (stating that *sua sponte* dismissal for failure to exhaust is appropriate if the failure to exhaust is apparent on face of complaint); and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

The PLRA required Coley to use the ADC's requirements for raising and administratively exhausting his claims, if available, before bringing this action.  On his form § 1983 complaint, Coley checked "Yes" in response to whether he filed a grievance presenting the facts alleged in the complaint.  Doc. No. 2 at 3.  He checked "No" in response to whether he had "completely exhaust[ed] the grievance(s) by

appealing to all levels within the grievance procedure." *Id.* He explained why he did not do so, stating: "Because the entire exhaustion of remedies acc. to ADC grievance procedure will take (76) business days to complete and per. ADC policy, there is a (90) day re-write of the camera footage of the incident before it is disposed of and discarded." *Id.* Coley does not assert that the ADC's grievance procedure was unavailable to him, but that video evidence may be lost due to the time taken by the grievance process.

Coley attached to his complaint a unit level grievance form dated October 29, 2023. *Id.* at 7. In that grievance, he complained about a separate issue, and did not describe Neal's alleged use of excessive force on October 10, 2023. *Id.* Coley subsequently submitted additional grievance documents, but those post-date his November 2 complaint and do not describe his claim that Neal used excessive force when she tased him on October 10, 2023. Doc. No. 4 at 2-3.

On November 2, 2023, Coley filed this lawsuit. At that time, the grievance process was at best ongoing – Coley states that he initiated the grievance process but did not complete it. And because he filed his lawsuit just a few weeks after the incident in question, well before the 76-day timeline for completing the grievance process, he could not have completed the ADC grievance process before filing this lawsuit. Based on the face of Coley's complaint, as well as the attachments, it is clear that Coley failed to fully exhaust his administrative remedies regarding his

excessive force claim *before* filing this lawsuit. Accordingly, this lawsuit should be dismissed without prejudice.

### III.  Conclusion

For the reasons stated herein, the undersigned recommends that Coley's complaint be dismissed without prejudice for failure to exhaust available administrative remedies.

IT IS SO RECOMMENDED this 3rd day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE